People v Velez
2026 NY Slip Op 03083
May 14, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Joshua Velez, Defendant-Appellant.

Decided and Entered: May 14, 2026
Ind No. 3130/13|Appeal No. 6647|Case No. 2020-03761|
Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Twyla Carter, The Legal Aid Society, New York (Aviva Galpert of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about July 24, 2020, which adjudicated defendant a level three sexually violent predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant's challenge to risk factor eight, which permits the assessment of points based on an offender's age at the commission of the offender's first sex crime, as violative of his right to due process is unpreserved (see People v Sincerbeaux, 27 NY3d 683, 689, n 4 [2016]), and we decline to review it in the interest of justice.
The SORA court providently exercised its discretion in denying defendant's request for a downward departure, and defendant has set forth no basis for this Court to exercise its independent discretion to adjudicate defendant a risk level one offender (see People v Gillotti, 23 NY3d 841, 861 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument (see e.g. People v Lopez, 215 AD3d 575, 575 [1st Dept 2023], lv denied 40 NY3d 904 [2023]; People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]). Even considering defendant's cited mitigation, it was outweighed by the seriousness of the instant offense, where defendant raped a 16-year-old girl just three weeks after he was placed on probation for sexually abusing another 16-year-old girl (see e.g. People v Rochford, 220 AD3d 546, 546 [1st Dept 2023], lv denied 41 NY3d 905 [2024]).
Finally, "remand is unnecessary because the record is sufficient for this Court to make its own findings" (People v Rosario, 227 AD3d 416, 416 [1st Dept 2024], lv denied 42 NY3d 907 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2026